UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-20840-CIV-SINGHAL/STRAUSS

MARITZA ROMERO,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

Defendant.
_________________________________/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE

**THIS CAUSE** is before the Court upon Defendant's Motion in Limine (the "**Motion**"). (DE [37]). The Court has considered the Motion (DE [37]), Plaintiff's Response (DE [43]), Defendant's Reply (DE [47]), and is otherwise fully advised. For the following reasons, the Motion (DE [37]) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks an order *in limine* excluding eight categories of evidence and/or argument. *See generally* (DE [37]). Because Plaintiff does not oppose five of those requests, *see* (DE [43] at 1), those requests are granted. The three contested requests are considered in turn.

### I. Evidence Offered Contrary to Sections 768.0427(2)(b) and (2)(c), Florida Statutes, Is Excluded

Defendant argues that section 768.0427 applies to this diversity action and constrains Plaintiff's presentation of the evidence. *See* (DE [37] at 1–3). Plaintiff opposes, arguing that section 768.0427 is procedural and thus inapplicable to this federal proceeding. *See* (DE [43] at 1–2). The statute provides that "evidence offered to prove" both the "amount necessary to satisfy unpaid charges for *incurred* medical treatment or

services" and the "amount of damages for any *future* medical treatment or services the claimant will receive" must include certain materials or else is inadmissible. *See* §§ 768.0427(2)(b)–(c). In other words, medical expenses are not legally provable under Florida law unless particular evidence is presented. *See Alvarez v. Louis*, 817 F. Supp. 3d 1254, 1258 (M.D. Fla. 2026) (sections 768.0427(2)(b) and (2)(c) require plaintiffs to present certain evidence "or recover nothing").

For example, "[i]f the claimant has health care coverage other than Medicare or Medicaid," she must present evidence of the amounts her insurer *will* cover for incurred treatment or *could* cover for future treatment, as well as her own "share of medical expenses under the insurance contract." §§ 768.0427(2)(b)1., (2)(c)1. These provisions effectively require plaintiffs to forthrightly present evidence of their own obligations on current or future medical bills, rather than amounts for which they will not be responsible. Other passages require similar presentations to facilitate appropriate damage awards rather than windfalls. *See* § 768.0427(2)(b)2.–5., (2)(c)2.–3. Indeed, this evidence is necessary for courts to apply Florida's statutory collateral source doctrine, which requires courts to reduce damages awards "by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to the claimant, from all collateral sources." § 768.76(1), Fla. Stat. (2026).

The question presented is whether sections 768.0427(2)(b) and (2)(c) are substantive (and thus applicable in this federal proceeding) or procedural (and thus inapplicable). "In federal diversity actions, state law governs substantive issues, but federal law governs procedural issues." *ML Healthcare Servs., LLC v. Publix Super Markets, Inc.*, 881 F.3d 1293, 1299 (11th Cir. 2018) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). "'[R]ules of procedure encompass rules of evidence, and therefore,

the Federal Rules of Evidence, not state evidentiary rules, apply' to evidentiary disputes in a federal diversity action." *Id.* (quoting *McDowell v. Brown*, 392 F.3d 1283, 1294 (11th Cir. 2004)). "Some state evidentiary rules are substantive in nature," however, and thus "transcend the substance-procedure boundary, creating a potential *Erie* conflict." *McDowell*, 392 F.3d at 1295.

State law regulating admission of collateral source evidence is often substantive, and thus applicable in federal diversity cases. For example, in *Southern v. Plumb Tools, A Division of O'Ames Corp.*, 696 F.2d 1321, 1323 (11th Cir. 1983), the Eleventh Circuit held that Alabama law excluding collateral source evidence constituted substantive state law. The court affirmed *Southern* in *Bradford v. Bruno's, Inc.*, when it reversed an order excluding collateral source evidence that otherwise would have been admitted under Alabama law. *See* 41 F.3d 625, 626–27 (11th Cir. 1995), *withdrawn and superseded on other grounds*, 94 F.3d 621 (11th Cir. 1996). That the state law *technically* governed only the admissibility of evidence did not destroy its substantive character. *See id.*; *see also ML Healthcare*, 881 F.3d at 1299–1301 (affirming but distinguishing *Southern* based on idiosyncrasies of Georgia law).

Turning to the present case, sections 768.0427(2)(b) and (2)(c) are substantive rules of Florida law. Although the provisions technically govern evidence's admissibility, the law is calculated to preclude proof of medical expenses in personal injury cases unless the claimant presents evidence that adequately contextualizes those expenses. *See* §§ 768.0427(2)(b)1.–2, (2)(c)1. These rules ensure courts are furnished with evidence necessary to reduce damages awards under Florida's collateral source statute. *See* § 768.76(1). And although Florida's Supreme Court has recognized both damages and evidentiary "aspects" of Florida's collateral source rule, *see Joerg v. State Farm Mut.*

*Auto. Ins. Co.*, 176 So. 3d 1247, 1250 (Fla. 2015), the Eleventh Circuit's decisions in *Southern* and *Bradford* convince this Court that those "aspects" form a single, substantive rule applicable in federal diversity cases. Accordingly, sections 768.0427(2)(b) and (2)(c) apply and Plaintiff is precluded from offering evidence contrary to same.

## II. Golden Rule and Reptile Theory Evidence Is Excluded

Defendant asks the Court to exclude all Golden Rule and Reptile Theory evidence. *See* (DE [37] at 3–4). Plaintiff largely agrees, but objects only insofar as Defendant's request would preclude her from asking the jury to use its "common sense" to decide the case. (DE [43] at 2). Defendant agrees that Plaintiff may argue "the evidence or . . . ask[ ] the jury to apply its common sense to the facts," but insists that Plaintiff's narrow objection attempts to preserve improper "arguments that invite jurors to abandon neutrality by placing themselves in the position of a party or by appealing to fear, community safety, or emotion" under the guise of "common sense." (DE [47] at 3–4).

The Court discerns no genuine dispute. It does not read Plaintiff's objection as an attempt to preserve her ability to improperly invite the jury to decide the case based on fear, emotion, self-interest, or other improper bases. Rather, Plaintiff evidently seeks to clarify that she will be permitted to ask the jury to apply common sense to the evidence presented at trial, which Defendant concedes is appropriate. To the extent the parties dispute whether an invitation to exercise common sense somehow constitutes an improper Golden Rule or Reptile Theory argument, they may argue same at trial.

## III. Defendant Fails to Demonstrate Evidence of Prior Slip and Falls Is Inadmissible Under All Circumstances

Finally, Defendant asks the Court to exclude "[a]ny questioning regarding prior slip and fall incidents at the subject Costco location." (DE [37] at 5). Plaintiff objects because she intends to present evidence that at least two shoppers in the last three years slipped

near the store's entrance. *See* (DE [43] at 3). Indeed, Defendant's interrogatory response reveals that one customer "alleged he fell [while] coming inside from the parking lot" when "[i]t was raining," while another "alleged he fell on the concrete floor under the vestibule after it had been raining." *Id.*

"When a party seeks to admit prior accidents or occurrences involving the opposing party[,] . . . the substantial similarity doctrine applies." *Henderson v. Ford Motor Co.*, 72 F.4th 1237, 1242 (11th Cir. 2023) (citing *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661–62 (11th Cir. 1988)). "The doctrine 'does not require identical circumstances, and allows for some play in the joints depending on the scenario presented and the desired use of the evidence.'" *Id.* (quoting *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015)). Evidence is admissible under two conditions. *First*, "a prior incident . . . must not have occurred too remote in time," and *second*, the prior incident "must be similar enough to the present incident to allow the jury to draw a reasonable inference regarding the defendant's knowledge or ability to foresee the incident at issue." *Id.* (internal quotation marks and sources omitted).

Turning to the present case, the Court cannot conclude that evidence of the prior falls is "clearly inadmissible for any purpose." *Acevedo v. NCL (Bahamas) Ltd.*, 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017) (citation omitted). The Court perceives no reason to hold that three-year-old falls—assuming other sufficient similarities—are too remote. Moreover, the fall that occurred "under the vestibule after it had been raining" appears to have occurred in the same place where Plaintiff fell and under similar if not identical conditions. And although not clear from Defendant's interrogatory response, it appears that its other customer may have slipped on the same walking surface where Plaintiff slipped under rainy conditions. To the extent any other condition—such as the customers'

footwear, amount of rainfall, or presence of other substances, etc.—suggests a lack of sufficient similarity, the parties may argue same on an offer of proof during trial. But at this point, the record reveals no differences that command the evidence's exclusion. For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that the Motion (DE [37]) is **GRANTED IN PART** and **DENIED IN PART** consistent with this Order. Defendant may object at trial to the presentation of any evidence not excluded by this Order.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 25th day of November 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF